IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAMON RIVERO HUNG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-564-KC |
| | § | |
| PAM BONDI et al., | § | |
| | § | |
| Respondents. | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Ramon Rivero Hung's Petition for a Writ of Habeas Corpus, ECF No. 1-1, and Motion to Proceed In Forma Pauperis ("IFP"), ECF No. 1. Rivero Hung is detained at the ERO Camp East Montana facility in El Paso, Texas. Pet. 1. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 22–33; Mot. 2.

Rivero Hung came to the United States as a refugee from Cuba in 1995. Pet. ¶ 11. At some point, Rivero Hung became a Lawful Permanent Resident ("LPR"). *Id.* ¶ 12. In 2016, an immigration judge ("IJ") ordered that Rivero Hung be removed following a criminal conviction, and he lost his LPR status. *Id.* ¶¶ 12–13. At that time, Rivero Hung could not be removed, and he was released under an Order of Supervision ("OSUP"). *Id.* ¶ 14. On October 12, 2025, Immigration and Customs Enforcement ("ICE") detained Rivero Hung again. *Id.* ¶ 15. Rivero Hung alleges that ICE "has been unable" to remove him "to Cuba or any other [c]ountry" and he "knows for sure that Cuba will deny" him. *Id.* ¶ 17.

Prolonged detention of non-citizens under a final order of removal can become unconstitutional when detention exceeds six months. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). But this Court has held that a detainee who is subject to a final order of removal, is then

determined to be unremovable and thus released from custody on an OSUP, and is later re-detained without a material change in circumstances, is not limited to a *Zadvydas* claim to challenge their detention. *See Trejo v. Warden of ERO El Paso E. Montana*, --- F.Supp.3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025). Once released, such individuals obtain a due process interest in remaining out of custody. *See id.* at *8. Unless the individual committed a crime or violated a term of their OSUP, there must have been some change that gave rise to a significant likelihood of removing the previously unremovable noncitizen to warrant re-detention. *See, e.g., Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4–8 (W.D. Tex. Nov. 7, 2025).

Separately, Rivero Hung requests that the Court allow him to proceed IFP and waive the filing fee for his Petition. *See* Mot. 1. To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas,* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Based on his Motion, Rivero Hung states he "has no monies, employment or income as he has been detained" for about four months. Mot. 1. Thus, because Rivero Hung has no income and no known assets, he has made the requisite showing that he is unable to afford the costs of the proceeding.

Accordingly, it is **ORDERED** that Petitioner's Motion, ECF No. 1, is **GRANTED**.

3

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>no later than March 13, 2026</u>, why the application for a writ of habeas corpus should not be granted and specify:

(1) What circumstances have changed that now make Rivero Hung's imminent removal likely,

(2) What concrete steps have been taken to effectuate Rivero Hung's removal,

(3) What obstacles exist to effectuating Rivero Hung's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Rivero Hung's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**SO ORDERED**.

**SIGNED this 27th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE